1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**HUNTON ANDREWS KURTH LLP**
Ann Marie Mortimer (State Bar No. 169077)
amortimer@HuntonAK.com
Jason J. Kim (State Bar No. 221476)
kimj@HuntonAK.com
Jeff R. R. Nelson (State Bar No. 301546)
jnelson@HuntonAK.com
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone:  (213) 532-2000
Facsimile:  (213) 532-2020

Attorneys for Plaintiff
FACEBOOK, INC.

**Hunton Andrews Kurth LLP**
**550 South Hope Street, Suite 2000**
**Los Angeles, California 90071-2627**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND/SAN FRANCISCO DIVISION

| | |
|---|---|
| FACEBOOK, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> THÊM NGUYỄN, also known as "Thêm Hữu Nguyễn;" LÊ KHANG; NGUYỄN QUỐC BẢO; and PHAM HỮU DUNG also known as "Dung Ma," <br><br> Defendants. | CASE NO.:  3:21-CV-05002 <br><br> **COMPLAINT; DEMAND FOR JURY TRIAL** |

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Plaintiff Facebook, Inc. alleges the following:

## **INTRODUCTION**

1.     Beginning no later than October 2020 and continuing to at least June 2021, Defendants took control of user accounts on Facebook in order to run millions of dollars of ads.  Defendants misused cookies to take control of the accounts, a technique known as "session or cookie theft," and targeted employees of advertising and marketing agencies, which had access to large corporate ad accounts.  To execute on their scheme, Defendants first misled the victims into self-compromising their user accounts by causing them to install a mobile app from the Google Play Store deceptively called "Ad Manager for Facebook" (the "malicious app") that was not actually affiliated with Facebook.  When victims installed the malicious app, they shared their Facebook account login credentials and made accessible other information, which Defendants then used to access their Facebook accounts and run ads without the victims' knowledge or consent.  Defendants ran at least $36 million in unauthorized ads, which Facebook reimbursed to the victims once it discovered the unlawful scheme.

2.     Defendants' scheme is known as an "account takeover attack" and originated from Vietnam.  Account takeovers fuel fraud because compromised accounts can be used to engage in different types of illicit conduct.  According to online sources, these attacks have been on the rise across all industries and cost online businesses and consumers in the United States billions of dollars in losses annually.  Approximately 50% of these attacks originate from Asia, with Vietnam as one of the leading sources of attacks from the region in 2020.  *See* https://www.globenewswire.com/en/news-release/2021/02/09/2172197/0/en/New-Data-from-Arkose-Labs-Shows-Increased-Fraud-Across-All-Industries-Since-Black-Friday-with-Gift-Card-Fraud-and-Account-Takeover-Attacks-Surging.html; http://secdev-foundation.org/wp-content/uploads/2015/07/FacebookHackingan-EpidemicinVietnam.pdf; and

1  https://www.buzzfeednews.com/article/craigsilverman/facebook-ad-scams-revenue-
2  china-tiktok-vietnam.

3       3.     Facebook brings this action for injunctive relief to stop Defendants'
4  conduct in violation of Facebook's Terms of Service and U.S. law.  Facebook also
5  brings this action to obtain compensatory, punitive, and exemplary damages in
6  response to Defendants' violations of California Comprehensive Computer Data
7  Access and Fraud Act, Cal. Penal Code § 502, the Computer Fraud and Abuse Act, 18
8  U.S.C. § 1030, and breach of contract.

9                                        **PARTIES**

10      4.     Plaintiff Facebook, Inc., is a Delaware corporation with its principal
11  place of business in Menlo Park, California.  Facebook owns and operates several
12  products, including Instagram.

13      5.     Defendant Thêm Nguyễn, also known as "Thêm Hữu Nguyễn," is a
14  resident of Hanoi, Vietnam.  As part of the scheme, Thêm Nguyễn used cookie theft to
15  obtain access to Facebook accounts and run ads for some of his own e-commerce sites
16  that sold t-shirts, mugs, and other merchandise, including dragonwtee88.com, and
17  delphine.family.

18                     **Figure 1: Defendant Thêm Nguyễn**



**Hunton Andrews Kurth LLP**
**550 South Hope Street, Suite 2000**
**Los Angeles, California 90071-2627**

6.      Defendant Lê Khang is a resident of Hanoi, Vietnam.  Lê Khang used multiple online aliases, including "Lạc Lối," "Lê Minh," "Nụ Cười Của Nắng," and "Niken Trần."  Lê Khang maintained a public GitHub account with the username "khangle0608."  As part of the scheme, Lê Khang used multiple email addresses to compromise accounts and conceal his true identity, including <u>sorrylove0410@gmail.com</u>.  Lê Khang was a programmer and developer of the malicious app.

**Figure 2: Defendant Le Khang**



**Hunton Andrews Kurth LLP**
**550 South Hope Street, Suite 2000**
**Los Angeles, California 90071-2627**

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

7.      Defendant Nguyễn Quốc Bảo is a resident of Hanoi, Vietnam.  As part of the scheme, Nguyễn Quốc Bảo changed the phone number on at least one of the victim's accounts to phone number 84945066666 in order to avoid detection and maintain control of the account.  Nguyễn Quốc Bảo collected access information from users that self-compromised their user accounts after installing the malicious app. Nguyễn Quốc Bảo also ran unauthorized ads on Facebook and Instagram.

**Figure 3: Nguyễn Quốc Bảo**



8.      Defendant Pham Hữu Dung, also known as "Dung Ma," is a resident of Hanoi, Vietnam.  As part of the scheme, Pham Hữu Dung ran unauthorized advertisements on Facebook and Instagram.  Pham Hữu Dung also used the online alias "Ghost Agency" to promote the rental of compromised accounts on Facebook.

**Figure 4: Pham Hữu Dung**



3:21-CV-05002

COMPLAINT; DEMAND FOR JURY TRIAL

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

## JURISDICTION AND VENUE

9.     The Court has federal question jurisdiction over the federal causes of action alleged in this complaint pursuant to 28 U.S.C. § 1331.

10.    The Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the state law causes of action alleged in this complaint because they arise out of the same nucleus of operative fact as Facebook's federal claims.

11.    In addition, the Court has jurisdiction under 28 U.S.C. § 1332 over all causes of action alleged in this complaint because complete diversity exists and the amount in controversy exceeds $75,000.

12.    Defendants used and controlled multiple Facebook accounts and thereby agreed to Facebook's Terms of Service and Commercial Terms.  The Court has personal jurisdiction over Defendants because Facebook's Terms of Service and Commercial Terms contain a forum selection clause that requires this Complaint be brought in the U.S. District Court for the Northern District of California or a state court located in San Mateo County, and that Defendants submit to the personal jurisdiction of either of those courts for litigating this matter.

13.    The Court also has personal jurisdiction over Defendants because they knowingly directed and targeted their conduct at California and at Facebook, which has its principal place of business in California.  By accessing and using Facebook, and running ads on Facebook and Instagram, Defendants transacted business and engaged in commerce in California.  In addition to Facebook, Defendants knowingly used a California-based business to further their fraud scheme.  Facebook's claims arise directly from and relate to Defendants' activities described in this Complaint and activities in and directed at California.

14.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), as the threatened and actual harm to Plaintiff occurred in this District.  Venue is also proper with respect to each Defendant pursuant to 28 U.S.C. §1391(c)(3) because none of them reside in the United States.

15.     Pursuant to Civil L.R. 3-2(c), this case may be assigned to either the San Francisco or Oakland division because Facebook is located in San Mateo County.

## FACTUAL ALLEGATIONS

### A.     Background on Facebook and Instagram

16.     Plaintiff owns and operates Facebook, a social networking website and mobile application that enables its users to create their own personal profiles and connect with each other on their personal computers and mobile devices.  As of March 2021, Facebook daily active users averaged 1.88 billion and monthly active users averaged 2.85 billion.

17.     Plaintiff also owns and operates Instagram, which is a photo and video sharing app.  Instagram users can upload photos and videos to Instagram and share them.

18.     Anyone with a Facebook or Instagram account can create and place ads on Facebook and Instagram.  An ad account and a Facebook Page are used to run ads on Instagram and Facebook.  A Facebook Page is a public page on Facebook designed for businesses, organizations, and public figures.  Only a Facebook user can create or manage a Facebook Page.

19.     Facebook Business Manager is a tool that helps Facebook users organize and manage multiple Facebook ad accounts and Pages, and run and track advertisements.  A Business Manager account is required to use the Business Manager tool.  Only a Facebook user can create a Business Manager account.

20.     Users of a Business Manager account can have different roles, including "Employee" or "Admin."  A user with Employee access to the Business Manager account can only work on ad accounts to which they are assigned.  A user with Administrator access has full control of accounts that are part of the Business

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Manager account.  Only Facebook users with the role of Administrator can add other Facebook users to the Business Manager.

**B.      Facebook's Terms of Service**

21.      All Facebook users must agree to Facebook's Terms of Service ("Terms") (available at https://www.facebook.com/terms.php) and other rules that govern access to, and use of, Facebook.  Those Terms include the Advertising and Page Policies and Commercial Terms.

22.      Section 3.2.1 of the Terms prohibits users from "do[ing] . . . anything unlawful, misleading, [ ] or fraudulent" or facilitating or supporting others in doing so.

23.      Section 3.2.3 of the Terms prohibits users from "access[ing] or collect[ing] data from [Facebook] Products using automated means (without our prior permission) or attempt[ing] to access data you do not have permission to access."

24.      Advertising Policy 4.13 (available at https://www.facebook.com/policies/ads/) prohibits "ads, landing pages, and business practices" from "contain[ing] deceptive, false, or misleading content, including deceptive claims, offers, or methods."

25.      Advertising Policy 4.32 prohibits ads that "promote products, services, schemes or offers using deceptive or misleading practices."

**C.      Defendants Agreed to Facebook's Terms of Service**

26.      At all times relevant to this Complaint, Defendants accepted and were bound by Facebook's Terms.

27.      Between November 24, 2007 and June 15, 2021, Defendant Thêm Nguyễn used and controlled at least nine Facebook user accounts, and multiple Pages, Business Manager accounts, and ad accounts.

28.      Between February 11, 2015 and June 15, 2021, Defendant Lê Khang used and controlled at least five Facebook user accounts, and multiple Pages, Business Manager accounts, and ad accounts.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

29.     Between March 21, 2009 and June 15, 2021, Defendant Nguyễn Quốc Bảo used and controlled at least six Facebook user accounts, and multiple Pages, Business Manager accounts, and ad accounts.

30.     Between August 13, 2011 and June 15, 2021, Defendant Pham Hữu Dung used and controlled at least six Facebook user accounts, and multiple Pages, Business Manager accounts, and ad accounts.

**D.     Defendants' Scheme**

    **1.     Overview**

31.     Beginning no later than October 2020, Defendants engaged in an account takeover attack targeting Facebook and its users.  Defendants' scheme proceeded as follows:

    a.     First, Defendants developed and distributed a malicious app designed to trick victims into self-compromising their Facebook accounts.

    b.     Second, Defendants promoted the malicious app on the Google Play Store.  When a user installed the malicious app, the user was prompted to enter their Facebook user account credentials and self-compromised their account.

    c.     Third, through the malicious app, Defendants misappropriated users' Facebook cookies, which include authentication information from the victim's device, and used them to take over the victim's Facebook account.  Once Defendants gained unauthorized access to a victim's Facebook account, Defendants used the account to add other unauthorized users to the victim's Business Manager account.  Those unauthorized users were given Administrator level access to the Business Manager account, which enabled them to run ads and use existing credit lines.

    d.     Fourth, Defendants ran thousands of ads on Facebook and Instagram.  Defendants ran ads that redirected Facebook and Instagram users to various ecommerce sites promoting the sale of different merchandise, including print-on-demand merchandise from sites controlled by Defendant Thêm Nguyễn (*e.g.*, customizable products like mugs and t-shirts printed at the time an order is placed).

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Defendants spent at least $36 million in unauthorized advertising, which was charged to the victims' business credit lines.  Facebook reimbursed the Defendants' victims for Defendants' unauthorized advertising activity.

### 2. Development, Distribution, and Promotion of the Malicious App

32.    On or about December 28, 2020, Defendant Lê Khang developed and distributed a malicious app named "Ads Manager" on the Google Play Store.  On or about January 7, 2021, Defendant Lê Khang changed the name of the malicious app to "Ads Manager for Facebook."  The developer of the malicious app was listed as "Pages Manager For Facebook," and it listed an email address used by Lê Khang: sorrylove0410@gmail.com.  *Id.*

33.    Defendants tricked victims into installing the malicious app by misrepresenting the malicious app on the Google Play Store, portraying it as a legitimate alternative to Facebook's real Ad Manager tool:

> Why sacrifice your privacy or an awesome user experience when you can have both?  With us, the best Facebook alternative—lightweight, highly customizable, and battery friendly, with a strict "no tracking" policy to ensure your privacy is secured. . . . That's why us is (sic) your answer—with a robust day/night theming (sic) engine, Messages access built-in (Chat Heads included), customizable widget for your notifications and messages, as well as an ad blocker to filter out the noise, you'll find lots to love.  Stay connected with your campaigns, no matter where you are.  Create, edit and get insights from ads across the entire Facebook family of apps, including Facebook.

In fact, the malicious app was not affiliated with Facebook or Facebook's legitimate Ad Manager tool.

34.    According to the Google Play Store, between December 2020 and May 2021, the malicious app was installed more than 10,000 times.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

35.     Starting on or about December 28, 2020, Defendants ran advertisements on Facebook that promoted the malicious app as a solution for managing and optimizing mobile ads.  Exs. 1–3.  The ads were directed at users in the United States, Europe, Brazil, and India.  For example, as shown in Figure 5, on December 31, 2020, Defendants advertised the malicious app on Facebook and directed the advertisement at users in India:

**Figure 5: Defendants' Advertised Their Malicious App**



36.     Between December 28, 2020, and January 2, 2021, Defendants advertised the malicious app and approximately 1,700 users clicked on the ad.

37.     Defendants designed the malicious app to trick users to self-compromise their Facebook account, and allow Defendants to access and take over those accounts to run ads.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

38.    After victims installed the malicious app, they were prompted to enter their Facebook user credentials and authenticate their Facebook access.  The user's credentials were communicated to Facebook's computers, which returned cookies with authentication information (collectively, "access information") for the user. Defendants originally designed the malicious app to send the victim's access information to a computer (Internet Protocol address 45.76.183.4) controlled by Defendants.  A version of the malicious app published after January 2021 was designed to return the victim's access information to a group chat thread on Telegram (BotID: 1493839902).  Defendants used the access information obtained from the malicious app to access and submit requests to Facebook accounts, falsely representing themselves as the legitimate Facebook user to Facebook computers.

39.    For example, on or about January 21, 2021, Defendants tricked a Facebook user located in India, who had Administrator access to a Business Manager account, to install the malicious app.  Defendants then accessed the victim's Facebook account and Business Manager account using the access information collected through the malicious app.  Defendants used the stolen account information to access the user's Facebook account and Business Manger account, which was unauthorized.

### 3.    Unauthorized Activity and Advertisements Using Compromised Accounts

40.    Defendants used their unauthorized access to run approximately 10,000 ads on Facebook and Instagram.

41.    Defendants also offered compromised accounts for rent to other Facebook users.  For example, as shown in Figure 6[1], in a March 16, 2021 post on Facebook, Defendant Dung Ma offered users in Vietnam the ability to rent access to compromised accounts to promote products through live video ads.

---

[1] Figure 6 was translated from Vietnamese to English.

1

2

3

4

5

6

7

8

9

10

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

11

12

13

14

15

16

17

18

19

**Figure 6: Defendants Offer Rental Access to Compromised Accounts**



20      42.     The unauthorized ads promoted the sale of print-on-demand and other

merchandise on third-party websites, including dragonwtee88.com, delphine.family,

biglovetee.com, coolprintusa1.com, and lion-print.net and were directed at Facebook

and Instagram users around the world, including users in the United States, Europe,

and Vietnam.  Defendant Thêm Nguyễn used and controlled the dragonwtee88.com

and delphine.family sites to sell print-on-demand merchandise.  For example:

        a.      On or about January 22, 2021, Defendants used a compromised

account to publish and cause to be published the unauthorized ad shown in Figure 7

and directed it at users in the United States.  Users that clicked on the ad were

redirected to the website dragonwtee88.com, which was a website controlled by Defendant Thêm Nguyễn to sell t-shirts.

**Figure 7: Defendants' Unauthorized January 22, 2021 Ad on Facebook**



   b.   On or about January 24, 2021, Defendants used a compromised account to publish and cause to be published the unauthorized live video ad shown in Figure 8[2] below on Facebook and directed it at users in Vietnam and India.  Users clicked on this ad 54 times.

---

[2] Figure 8 was translated from Vietnamese to English.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

**Figure 8: Defendants' Unauthorized January 24, 2021, Ad on Facebook**



c.     On or about January 29, 2021, Defendants used a compromised account to publish and cause to be published the unauthorized ad shown in Figure 9 on Facebook and Instagram, and directed it at users in the United States, Canada, Europe, and Australia.  Users clicked on this ad over 20,000 times and were redirected to the website tacuviss.com.

1

Figure 9: Defendants' Unauthorized January 29, 2021, Ad on Instagram

2

3

4

5

6

7

8

9

10



Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

11

12

13

14

15

16

17

18

19          d.      Defendants published and caused to be published ads that

20  promoted online scams.  For example, on January 24, 2021, Defendants used a

21  compromised account to publish the unauthorized ad shown in Figure 10.  The ad was

22  directed at users in the United States and was clicked on over 100,000 times.  Users

23  that clicked on this add were redirected to bestsellingus.store.  According to user

24  complaints, users that paid for the advertised product did not receive the LED lights or

25  they received a product that did not work as advertised.

26

27

28

Figure 10: Defendants' Unauthorized January 24, 2021, Ad on Facebook



43.     The unauthorized ads were billed to various victims' ad accounts. Facebook reimbursed the victims approximately $36 million for unauthorized ads published using those accounts.

**E.     Facebook's Enforcement Efforts**

44.     On June 16, 2021, as a result of its investigative efforts, Facebook identified that Defendant Nguyễn Quốc Bảo had obtained access to a Business Manager account through an account takeover attack, which Defendants then accessed without authorization.  The Business Manager account managed over 150 ad accounts. Facebook identified and disabled several user accounts that Defendants controlled and

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1  that had been added to the Business Manager account and notified the victim.

2  Facebook disabled the accounts before Defendants were able to run any unauthorized

3  ads.

4       45.    On June 25, 2021, Facebook took various technical enforcement

5  measures against Defendants, including disabling Facebook and Instagram accounts

6  created or controlled by Defendants.  Google also removed the malicious app from the

7  Google Play Store in May 2021.

8  **F.**    **Defendants Unjustly Enriched Themselves and Their Unlawful Acts**

9         **Have Caused Damage and a Loss to Facebook**

10      46.    In 2020 and 2021, Defendants used their illicit proceeds to throw parties,

11  purchase luxury vehicles, business class travel, dinners, tattoos, and other spending.

12  Defendants then bragged about their extravagant purchases online:

**Hunton Andrews Kurth LLP**
**550 South Hope Street, Suite 2000**
**Los Angeles, California 90071-2627**

**Figure 11: Post of Nguyễn Quốc Bảo with Multiple Apple iPhones – October 13, 2020**



Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

**Figure 12: Post of Nguyễn Quốc Bảo on Yacht – December 30, 2020**



**Figure 13: Post of the Defendants Dining Together (Thêm Nguyễn, Nguyễn Quốc Bảo, and Pham Hữu Dung) – November 27, 2020**



**Figure 14: Post of Nguyễn Quốc Bảo**
**Traveling Business Class to Hanoi - December 30, 2020**



Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

COMPLAINT; DEMAND FOR JURY TRIAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

**Figure 15: Post of Defendant Thêm Nguyễn
posing with a new Mercedes-Benz – March 29, 2020**



**Figure 16: Post of Nguyễn Quốc Bảo's Mercedes-Benz E-Class – November 29, 2020**



Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

**Figure 17: Post of Phạm Hữu Dung
Displaying Expensive Tattoos and Watch – February 26, 2021**



47.   Defendants interfered with Facebook's computer network and service, and they have negatively impacted the Facebook experience for users and advertisers whose accounts were affected by their fraud.

48.   Defendants' breaches of Facebook's Terms, as well as their violations of state and federal law, have injured Facebook's reputation, public trust, and goodwill.

49.   Facebook suffered damages and a loss attributable to Defendants, including the efforts and resources it has used to prepare this Complaint, investigate, mitigate, and remediate Defendants' illegal conduct, reimburse victims for unauthorized advertisements, and attempt to identify, analyze, and stop their injurious activities in an amount to be determined at trial, but not less than $36 million.

50.     Defendants have been unjustly enriched by their activities at the expense of Facebook in an amount to be determined at trial, but not less than $36 million.

## FIRST CAUSE OF ACTION

### (Breach of Contact)

51.     Facebook incorporates all other paragraphs as if fully set forth herein.

52.     Access to and use of Facebook's services is governed by Facebook's Terms and its related policies.

53.     Defendants agreed to and became bound by Facebook's Terms and related policies through their use of Facebook and its services.

54.     Facebook has performed all conditions, covenants, and promises required of it in accordance with its agreement with Defendants.

55.     Defendants knowingly breached Facebook's Terms and Advertising and Page Policies.  Defendants violated Facebook's Terms sections 3.2.1 and 3.2.3 by (a) accessing and using other Facebook user's accounts without authorization or permission; (b) collecting users' access information using the malicious app; (c) publishing ads that promoted the malicious app as a legitimate alternative to Facebook's Ad Manager tool; and (d) publishing and causing the publication of thousands of unauthorized ads on Facebook and Instagram.

56.     Defendants violated Advertising Policies 4.13 and 4.32 by running deceptive and misleading ads that promoted the installation of Defendants' malicious app.

57.     Defendants' violations of Facebook's Terms have directly and proximately caused harm and injury to Facebook.

58.     When Defendants agreed to and became bound by Facebook's Terms, both Facebook and Defendants knew or reasonably could have foreseen that the harm and injury to Facebook was likely to occur in the ordinary course of events because of Defendants' breach.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1    59.    Defendants' breaches of Facebook's Terms have caused Facebook

2    damages in an amount to be determined at trial, but not less than $36,000,000.

3    **SECOND CAUSE OF ACTION**

4    (California Penal Code § 502)

5    60.    Facebook incorporates all other paragraphs as if fully set forth herein.

6    61.    Defendants knowingly accessed and without permission used Facebook's

7    data, computers, computer system, and computer network in order to (A) devise or

8    execute any scheme or artifice to defraud and deceive, and (B) to wrongfully control

9    or obtain money, property, or data, in violation of California Penal Code § 502(c)(1).

10    62.    Defendants knowingly and without permission used or caused to be used

11    Facebook's computer services in violation of California Penal Code § 502(c)(3).

12    63.    Defendants, using Facebook access information obtained from the

13    malicious app, knowingly and without permission accessed or caused to be accessed

14    Facebook's computers, computer systems, and/or computer networks in violation of

15    California Penal Code § 502(c)(7).

16    64.    Because Facebook suffered damages and a loss as a result of Defendants'

17    actions, Facebook is entitled to compensatory damages, attorneys' fees, and any other

18    amount of damages to be proven at trial, and injunctive relief under California Penal

19    Code § 502(e)(1) and (2)

20    65.    Because Defendants willfully violated Section 502, and there is clear and

21    convincing evidence that Defendants committed "fraud" as defined by Section 3294

22    of the Civil Code, Facebook entitled to punitive and exemplary damages under

23    California Penal Code § 502(e)(4).

24    **THIRD CAUSE OF ACTION**

25    (Computer Fraud and Abuse Act, 18 U.S.C. § 1030)

26    66.    Facebook incorporates all other paragraphs as if fully set forth herein.

27    67.    Facebook computers and servers are protected computers as defined by

28    18 U.S.C. § 1030(e)(2).

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

68.     Defendants violated 18 U.S.C. § 1030(a)(4) because they knowingly and with intent to defraud, accessed Facebook's protected computers and by means of such conduct furthered the intended fraud and obtained something of value. Defendants' fraud included accessing Facebook user accounts without authorization and running unauthorized advertisements using those accounts while representing to Facebook that they were authorized to access and use those accounts.

69.     Defendants violated 18 U.S.C. § 1030(b) by attempting and conspiring to commit the violations alleged in the preceding paragraph.

70.     Defendants' conduct caused a loss to Facebook of at least $5,000 during a one-year period.

71.     Defendants' actions caused Facebook to incur a loss and suffer damages as defined by 18 U.S.C. § 1030(e)(8) and (11), including the expenditure of resources to investigate and respond to Defendants' fraudulent scheme in an amount to be proven at trial.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff Facebook requests judgment against Defendants as follows:

1.     That the Court enter judgment against Defendants that Defendants have:

    a.  Violated the Computer Fraud and Abuse Act, in violation of 18 U.S.C. 1030;

    b.  Violated the California Comprehensive Computer Data Access and Fraud Act, in violation of California Penal Code § 502; and

    c.  Breached their contracts with Facebook in violation of California law.

2.     That the Court enter a permanent injunction enjoining and restraining Defendants and their agents, employees, successors, and assigns, and all other persons acting in concert with or conspiracy with Defendants or affiliated with them from:

    a.  Accessing or attempting to access Facebook's platform and computer systems;

b. Engaging in any activity that disrupts, diminishes the quality of, interferes with the performance of, or impairs the functionality of Facebook's platform and computer system, including developing malware that targets Facebook;

c. Engaging in any activity that violates Facebook's Terms, or facilitating others to do the same;

d. Engaging in activity that violates the Computer Fraud and Abuse Act (18 U.S.C. § 1030) or the California Comprehensive Computer Data Access and Fraud Act (California Penal Code § 502).

3. That Facebook be awarded damages, including, but not limited to, compensatory and punitive damages, as permitted by law and in such amounts to be proven at trial, but not less than $36,000,000.

4. That Facebook be awarded its reasonable costs, including reasonable attorneys' fees.

5. That Facebook be awarded pre- and post-judgment interest as allowed by law.

That the Court grant all such other and further relief as the Court may deem just and proper.

Dated:  June 29, 2021                    **HUNTON ANDREWS KURTH LLP**


By:    _/s/ Ann Marie Mortimer_
        Ann Marie Mortimer
        Jason J. Kim
        Jeff R. R. Nelson
        Attorneys for Plaintiff
        FACEBOOK, INC.
        Platform Enforcement and Litigation
        Facebook, Inc.
        Jessica Romero
        Michael Chmelar

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiff hereby demands a trial by jury on all issues triable to a jury.

3

4    Dated:  June 29, 2021                    **HUNTON ANDREWS KURTH LLP**

5

6                                            By:    */s/ Ann Marie Mortimer*

7                                                   Ann Marie Mortimer

8                                                   Jason J. Kim
                                                    Jeff R. R. Nelson

9                                            Attorneys for Plaintiff
                                             FACEBOOK, INC.

10

11                                           Platform Enforcement and Litigation
                                             Facebook, Inc.

12                                                 Jessica Romero

13                                                 Michael Chmelar

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Hunton Andrews Kurth LLP**
**550 South Hope Street, Suite 2000**
**Los Angeles, California 90071-2627**

**EXHIBIT 1**

2 January 2021 Ad that Promoted Malicious App



**EXHIBIT 2**

28 December 2020 Ad that Promoted Malicious App



**Ads Manager for Facebook**
Sponsored · 🌐

Your ad management software in the best way.



**EXHIBIT 3**

31 December 2020 Ad that Promoted Malicious App



**Ads Manager for Facebook**